IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ABDAL MALIEK SALAAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16CV807 |
| | ) | 2:94CR79-1 |
| UNITED STATES OF AMERICA, | ) | 2:94CR80-1 |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a motion (2:94CR79-1, Docket Entry 102; 2:94CR80-1, Docket Entry 93) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Following a jury trial, Petitioner was convicted in 1994 on two superseding indictments, joined for trial, each charging him with bank robbery, in violation of 18 U.S.C. § 2113(a), and armed bank robbery, in violation of 18 U.S.C. § 2113(d), as well as carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (2:94CR79-1, Docket Entry 35; 2:94CR80-1, Docket Entry 29.) Petitioner was sentenced to 627 months of imprisonment. (*Id.*) The Fourth Circuit Court of Appeals affirmed the judgment on November 9, 1995. *United States v. Salaam*, 68 F.3d 462 (4th Cir. 1995).

Petitioner's initial 28 U.S.C. § 2255 motion was dismissed as untimely. (2:94CR79-1, Docket Entry 88; 2:94CR80-1, Docket Entry 79.) In June 2016, Petitioner was granted authorization by the Fourth Circuit to file a second or successive § 2255 motion on the basis of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (2:94CR79-1, Docket Entry 101; 2:94CR80-1, Docket Entry 92.) The Court appointed Petitioner counsel as to his *Johnson*-related claims

and stayed this matter pending the resolution of various Supreme Court and Fourth Circuit decisions. (2:94CR79-1, Text Orders 7/27/2016, 11/15/2016, 7/24/2018, 2/27/2020; 2:94CR80-1, Text Orders 7/27/2016, 11/15/2016, 7/24/2018, 2/27/2020.) During this time, Petitioner filed three supplements to his § 2255 motion. (2:94CR79-1, Docket Entries 110, 111, 113; 2:94CR80-1, Docket Entries 99, 100, 102.) The Government then filed a response (2:94CR79-1, Docket Entry 115; 2:94CR80-1, Docket Entry 104), Petitioner filed a pro se reply (2:94CR79-1, Docket Entry 117; 2:94CR80-1, Docket Entry 106), and counsel filed a notice that, after a conscientious review of the record, he determined that he would not be filing a reply (2:94CR79-1, Docket Entry 118; 2:94CR80-1, Docket Entry 107). This matter is now ready for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## **Petitioner's Grounds**

Petitioner's motion, as supplemented, presents three grounds for relief. The first is that his § 924(c) convictions for carrying and using a firearm during and in relation to a crime of violence (here, bank robbery and armed bank robbery) are invalid post-*Johnson*. (2:94CR79-1, Docket Entry 102, Ground One; 2:94CR80-1, Docket Entry 93, Ground One.) Second, he claims that even if his convictions under § 924(c) remain valid, he is entitled to sentence relief on the second § 924(c) conviction under Section 403 of the First Step Act of 2018, which lowers the mandatory minimum sentence for second or subsequent § 924(c) convictions under certain circumstances. (2:94CR79-1, Docket Entry 110; 2:94CR80-1, Docket Entry 99.) Finally, Petitioner claims that under the *Johnson* line of cases, he is entitled to re-sentencing without the career offender enhancement under the sentencing guidelines, because some of his prior state convictions no longer qualify as career offender predicates. (2:94CR79-1,

2

Docket Entry 102, Ground Two; 2:94CR80-1, Docket Entry 93, Ground Two.) As explained below, none of these arguments has merit and Petitioner's motion, as supplemented, should be denied.

A. **Petitioner's § 924(c) Convictions Remain Valid.**

First, Petitioner contends that his bank robbery convictions are not crimes of violence for purposes of § 924(c) post-*Johnson*.[1] (2:94CR79-1, Docket Entry 102, Ground One; 2:94CR80-1, Docket Entry 93, Ground One.) As explained below, this ground lacks merit.

To begin, *Johnson* does not directly govern this case. *Johnson* addressed the Armed Career Criminal Act, 18 U.S.C. § 924(e), and Petitioner has not been designated an armed career criminal. *Johnson*, 135 S. Ct. at 2555. Rather, the relevant decision here is *United States v. Davis*, 139 S. Ct. 2319 (2019). As described in that decision, 18 U.S.C. § 924(c)

> authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking

---

[1] Petitioner also contends that he is entitled to relief pursuant to *Simpson v. United States*, 435 U.S. 6 (1978). (2:94CR79-1, Docket Entry 102 at 17; 2:94cr80, Docket Entry 93 at 17.) In that case, the Supreme Court held that, "in a prosecution growing out of a single transaction of bank robbery with firearms, a defendant may not be sentenced under both § 2113(d) and § 924(c)." *Simpson*, 435 U.S. at 15. The Supreme Court reasoned that Congress did not authorize the imposition of an enhanced penalty under § 2113(d) when a robbery is committed by the use of a dangerous weapon or device and the imposition of an additional consecutive penalty under § 924(c) when a person uses a firearm to commit a felony. *Simpson*, 435 U.S. at 11-16. Despite this holding, subsequent legislative amendments to the language of § 924(c) superseded the Supreme Court's holding in *Simpson* such that Congress has expressly authorized the imposition of a sentence under § 2113(d) and a mandatory consecutive sentence under § 924(c), and that imposition of such a sentence does not violate the Double Jeopardy clause of the United States Constitution. *See United States v. Shavers,* 820 F.2d 1375, 1377-78 (4th Cir. 1987) (holding that double jeopardy concerns not implicated where defendant is convicted under both § 924(c) and § 2113(d)); *United States v. Ford*, 844 F. Supp. 1092, 1095 (D. Md. 1994) (collecting cases for the proposition that "The Circuit Courts agree that a cumulative punishment under the amended firearm statute does not violate Double Jeopardy and have affirmed consecutive sentences imposed for armed bank robbery or assault with a dangerous weapon and violations of the firearm statute."), *aff'd*, 45 F.3d 428 (4th Cir. 1995).

3

crime." § 924(c)(1)(A). The statute proceeds to define the term "crime of violence" in two subparts—the first known as the elements clause [or, alternatively, the force clause], and the second the residual clause. According to § 924(c)(3) a crime of violence is "an offense that is a felony" and

> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> [ ](B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*Davis*, 139 S. Ct. at 2323. The Supreme Court in *Davis* held that § 924(c)(3)(B), the residual clause, is unconstitutional. *Id.* at 2336; *see also United States v. Simms*, 914 F.3d 229, 233-252 (4th Cir. 2019) (holding that the residual clause of § 924(c)(3)(B) was unconstitutionally vague). However, § 924(c)(3)(A), the force clause, remains valid and bank robbery is an offense which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," and is therefore a crime of violence under § 924(c)(3)(A). In *United States v. McNeal*, 818 F.3d 141, 151 (4th Cir. 2016), the Fourth Circuit reviewed whether federal bank robbery statutes remained crimes of violence under 18 U.S.C. § 924(c)(1)(A) after *Johnson*. It held that because armed bank robbery under 18 U.S.C. § 2113(d) and its lesser included offense, bank robbery under 18 U.S.C. § 2113(a), both require "the taking or attempted taking of property by 'force and violence, or by intimidation,'" those offenses have "as an element the use, attempted use, or threatened use of physical force" and meet the definition of "crime of violence" under the force clause. *Id.* at 157. Consequently, Petitioner's convictions for bank robbery and armed bank robbery remain crimes of violence for purposes of § 924(c)'s force clause (§ 924(c)(3)(A)) and his claim fails.

4

### b. Petitioner's First Step Act Claim Has No Merit.

Petitioner also requests resentencing under § 403 of the First Step Act of 2018. (2:94CR79-1, Docket Entry 110; 2:94CR80-1, Docket Entry 99.) Section 403 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5221-22, amended 18 U.S.C. § 924(c)(1)(C) as it applies to defendants convicted of two § 924(c) offenses in the same proceeding. The Act reduces the mandatory minimum sentence on the contemporaneously-prosecuted second § 924(c) offense to 60 months. *See United States v. Jordan*, 952 F.3d 160, 165 (4th Cir. 2020) ("Under the new § 403, if an individual is convicted of two § 924(c) offenses in the same proceeding, as Jordan was here, the mandatory minimum sentence for the second offense drops from 300 months to 60 months."). Only if a defendant had a previous § 924(c) conviction—which had already become final before the second § 924(c) violation—would the defendant be subject to the enhanced mandatory minimum of 25 years on the second offense. By its terms, however, § 403 applies only to "pending cases," defined as offenses committed before its enactment "if a sentence for the offense has not been imposed" as of the date of the enactment. § 403(b), 132 Stat. at 5222. Accordingly, the Act does not retroactively apply to sentences already imposed. *Jordan*, 952 F.3d at 174. A sentence is "imposed" as of the date the district court enters sentence. *Id.* at 173-74. Because Petitioner's convictions and sentence became final over two decades ago, he is not entitled to relief under the Act.

### C. Petitioner Remains a Career Offender.

Last, Petitioner contends that post-*Johnson* he is no longer a career offender under the sentencing guidelines. (2:94CR79-1, Docket Entry 102, Ground Two; 2:94CR80-1, Docket Entry 93, Ground Two.) As explained below, this ground also lacks merit.

The relevant guideline is as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1 (1993). The term "crime of violence," in pertinent part, includes state or federal crimes punishable by imprisonment for a term exceeding one year that have "as an element the use, attempted use, or threatened use of physical force against the person of another [the force clause]." U.S.S.G. § 4B1.2 (1)(i) (1993). "The term 'controlled substance offense'," in pertinent part, "means an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2 (2) (1993).

Here, Petitioner was classified as a career offender as a result of his five prior felony convictions, as detailed in the presentence report ("PSR"). (2:94CR79-1, Docket Entry 100, ¶ 40; 2:94CR80-1, Docket Entry 91, ¶ 40.) Petitioner challenges his conviction for New York second degree robbery and his convictions for New Jersey sexual assault and robbery, contending that they no longer qualify as predicate crimes of violence for career offender status. (2:94CR79-1, Docket Entry 102 at 14-15, Docket Entry 113; 2:94CR80-1, Docket Entry 93 at 14-15, Docket Entry 102.) Petitioner also argues that his remaining predicates for consolidated North Carolina drug-trafficking offenses, for which he served more than one year in prison, cannot be separated for purposes of the career offender guideline and thus only

6

count for one predicate. (2:94CR79-1, Docket Entry 102 at 15; 2:94CR80-1, Docket Entry 93 at 15.) As a result, Petitioner concludes, he lacks two distinct qualifying convictions. (*Id.*)

The Court has reviewed the record and concludes that Petitioner was properly designated a career offender. In *United States v. Hammond*, 912 F.3d 658 (4th Cir. 2019), a recent post-*Johnson* decision, the Fourth Circuit examined the defendant's prior conviction for first-degree robbery under New York law and concluded *that irrespective of the degree of the offense*, New York statutory robbery qualifies as a crime of violence under the force clause of the career offender guideline. 912 F.3d at 665 (noting that "*all the New York robbery statutes* require the same element of violent physical force or threatened violent force") (emphasis added). While Petitioner points to out-of-circuit case law reaching a contrary conclusion,[2] this binding precedent in *Hammond* forecloses his argument. Petitioner's New York second degree robbery conviction was a qualifying career offender predicate.

In light of the foregoing, and given that Petitioner admits that his 1994 North Carolina convictions for drug-trafficking offenses count as one predicate offense, (2:94CR79-1, Docket Entry 100, ¶ 59, Docket Entry 102 at 15; 2:94CR80-1, Docket Entry 91, ¶ 59, Docket Entry 93 at 15), Petitioner has a minimum of two qualifying career offender predicates. Accordingly, this Court need not, and does not, reach the issue of the validity of his remaining New Jersey

---

[2] Petitioner cites the First Circuit case of *United States v. Rabb*, 942 F.3d 1 (1st Cir. 2019). (2:94CR79-1, Docket Entry 113; 2:94CR80-1, Docket Entry 102.) In *Rabb*, the First Circuit held that New York second-degree robbery does not qualify as generic robbery under the list of crimes enumerated in the career offender guideline's definition of a crime of violence. *Rabb*, 942 F.3d at 3, 6-7. The First Circuit was constrained, however, by its previous decision finding that New York attempted second degree robbery did not qualify as a crime of violence under the force clause. *See United States v. Steed*, 879 F.3d 440, 451 (1st Cir. 2018) (finding it reasonably probable that mere purse-snatching could be encompassed by New York's robbery statute). The *Rabb* court thus limited its analysis to the enumerated clause.

7

predicate for sexual assault and robbery. (2:94CR79-1, Docket Entry 100, ¶ 58; 2:94CR80-1, Docket Entry 91, ¶ 58.) Moreover, both Petitioner's New York conviction and North Carolina convictions were duly noted in the career offender designation portion of his PSR. (*Id.* ¶ 40). Accordingly, Petitioner received notice of his career offender predicates. *See United States v. Winbush*, 922 F.3d 227 (4th Cir. 2019). Petitioner's career offender status remains valid and he is not entitled to re-sentencing.

## **Conclusion**

For the reasons set forth above, Petitioner's motion, as supplemented, should be denied. An evidentiary hearing is not warranted in this matter.

**IT IS THEREFORE RECOMMENDED** that the stay in this matter be **LIFTED**, that Petitioner's motion to vacate, set aside or correct sentence (2:94CR79-1, Docket Entry 102; 2:94CR80-1, Docket Entry 93), as supplemented, be **DENIED**, and that judgment be entered dismissing the action.

_____
Joe L. Webster
United States Magistrate Judge

May 14, 2020
Durham, North Carolina

8

Case 2:94-cr-00079-LCB-PTS    Document 120    Filed 05/14/20    Page 8 of 8