IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:94CR79-1 |
| | ) | 2:94CR80-1 |
| ABDAL MALIEK SALAAM, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

      Before the Court are Defendant's motions to reduce sentence pursuant to 18 U.S.C. § 3582 (c)(1)(A). (Case No. 2:94CR79, ECF No.136; Case No. 2:94CR80, ECF No. 125.) The Government responded, (Case No. 2:94CR79, ECF No.139; Case No. 2:94CR80, ECF No. 128), and Defendant replied.[1] (Case No. 2:94CR79, ECF No.145; Case No. 2:94CR80, ECF No. 134.) The Court, having considered the arguments of the parties as set forth below, finds Defendant has failed to show an extraordinary and compelling reason for a sentence reduction and finds that the factors under 18 U.S.C. § 3553(a) counsel against a reduction. Accordingly, Defendant's motions to reduce sentence pursuant to 18 U.S.C. § 3582 (c)(1)(A), (Case No. 2:94CR79, ECF No.136; Case No. 2:94CR80, ECF No. 125), will be denied.

---

[1] The parties have filed identical pleadings and documents in both cases. If not otherwise noted, citations to documents filed in CM/ECF throughout the Order refer to filings in Case No. 2:94CR79-1.

## I. BACKGROUND

Defendant was convicted of bank robbery and armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and two counts of carry and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (ECF No. 100 at 3.) On September 9, 1994, Defendant was sentenced to 627 months' imprisonment: 327 months' imprisonment on each of the bank robbery counts, to run concurrently to one another; 60 months' imprisonment on the first § 924(c) count, to run consecutively to the robbery sentences; and, 240 months' imprisonment on the second § 924(c) count, to run consecutively to all other sentences. (ECF No. 35.) Defendant subsequently filed a motion for compassionate release, (ECF No. 114), and the Court reduced Defendant's sentence on the second § 924(c) count to 60 months' imprisonment. (ECF No. 131.) This reduced Defendant's total sentence to 447 months of imprisonment. Defendant is 72 years old, his projected release date is January 21, 2026, and he is currently housed at RRM Raleigh, a residential reentry management field office.[2]

## II. ARGUMENTS OF THE PARTIES

Defendant argues he should be granted a reduction in sentence because of his old age and declining health. (ECF No. 136 at 5.) He contends that "his general health has worsened in the past few years, and he fears his health will continue to decline due to his incarceration and lack of meaningful access to healthcare." (*Id.* at 7.) He recognizes he does not have a substantial amount of time left to serve on his sentence, but asserts that at his age, especially

---

[2] Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc /(last visited on Sept. 16, 2025.)

after 30 years in prison, any time off his sentence is critical. (*Id.*) Defendant also relies on his rehabilitation as a factor which supports granting a reduction in sentence. (*Id.*)

The Government opposes the motions. (ECF No. 139.) The Government argues that Defendant's medical conditions are well-managed and do not amount to an extraordinary and compelling reason for a reduction. (*Id.* at 7.) The Government further argues that a consideration of the § 3553(a) factors weighs against a reduction of sentence. (*Id.* at 14-16.)

### III. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) an extraordinary and compelling reason exists to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024)*; United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant asserts he filed a request for administrative relief, (ECF No. 136 at 7), and the Government does not contest Defendant has exhausted his administrative remedies. (ECF No. 139 at 5 n. 2.) Therefore, the Court will

proceed to the merits of Defendant's motions. *See United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021).

### A. Extraordinary and Compelling Reasons

Defendant argues that "at 70 years old, he is suffering from a multitude of serious health conditions, all exacerbated by his age, including: chronic hepatitis C, hypertension, hyperlipidemia, and latent tuberculosis, for which he takes several medications." (ECF No. 136 at 6.) Defendant also states that he suffers from impaired vision and "mobility issues due to his knee replacement." (*Id.* at 6-7.) Defendant, who was housed at FCI Fort Dix when he filed his motions, asserts that at Fort Dix "[he] has access to fewer medical resources than previously." (*Id.* at 7.) Defendant argues, without further explanation, that he would benefit from "outside care." (*Id.*)

The Sentencing Commission policy guidelines provide that deteriorating health from aging may amount to an extraordinary and compelling reason for a reduction if "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2). The guidelines also recognize that deteriorating health because of aging may provide an extraordinary and compelling reason for a reduction in sentence if the health condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B)(iii).

4

The medical records demonstrate that Defendant, who is in his 70's, is suffering from numerous ailments and chronic conditions. Defendant has been diagnosed with hypertension and hyperlipidemia, chronic Hepatitis C, Latent Tuberculosis, and an unspecified disorder of the prostate which causes some urinary incontinence. (ECF No. 141 at 8; ECF No. 142 at 4, 10.) The medical records also show evidence that Defendant has declining vision and has had prior problems with his feet and toenails that affected his walking and for which he was prescribed medical shoes. (ECF No. 141 at 94; ECF No. 142 at 1, 13.) However, while the records confirm Defendant has numerous health issues, the records do not demonstrate that Defendant's is experiencing a "serious deterioration" in his health. Defendant has been diagnosed with most of the conditions for years and there is no evidence in the record showing a substantial decline in his health at this time.

Defendant argues that he "fears his health will continue to decline due to his incarceration and lack of meaningful access to health care." (ECF No. 136 at 7.) Defendant also asserts he is receiving a lower level of medical care at Fort Dix, (*id.*), but does not specify what he finds to be deficient or what additional treatment he believes is necessary. Since Defendant filed his motions, his custody has been transferred to Raleigh RRM, a residential reentry management field office. This transfer does not preclude compassionate release, but insofar as Defendant's motion argues that the prison custodial setting at Fort Dix is having a negative impact on his health or is inferior for addressing his health conditions, his transfer to Raleigh RRM undermines those arguments.

Moreover, the records do not indicate that Defendant is experiencing a serious deterioration in his health. The medical records indicate Defendant is receiving regular and

5

effective care. Defendant has been prescribed medication for his chronic conditions such as hypertension, hyperlipidemia, and incontinence due to his prostate issues, and has had medical visits to address issues with his feet, vision, or other health problems. (*See*, *generally*, ECF Nos. 140-42.) The medical records indicate Defendant's hypertension is "fairly well controlled," his hyperlipidemia is "controlled," he "completed" his chronic hepatitis treatment in 2019, and Defendant's latent TB is "asymptomatic." (ECF No. 142 at 4-5.) The medical records indicate that Defendant had an acute eye issue and was diagnosed with unspecified glaucoma. (ECF 141 at 2.) However, the records also note that at the time of the visit Defendant was determined to have "good, corrected distance/near vision." (*Id.*) The records confirm Defendant has had knee surgery, (ECF No. 140 at 16, ECF No. 142 at 28), but the follow-up records show he was "doing well." (ECF No. 140 at 16.) Medical records from 2023 indicates that though Defendant at times suffers "osteoarthritis of the knee," he was "doing well at this time" and in "remission." (ECF No. 141 at 44.) Medical notes from a visit in July of 2024 recorded that Defendant was not suffering from any pain. (ECF No. 142 at 4.) Consequently, Defendant has failed to show that he is experiencing a "serious deterioration" in his health because of the aging process that demonstrates an extraordinary and compelling reason for a reduction of sentence.

Defendant's argument with respect to rehabilitation also fails to support his request for a reduction of sentence. Defendant has presented evidence of his positive efforts in prison such as completing his GED and taking hundreds of hours of BOP programming. However, rehabilitation "is not, by itself, an extraordinary and compelling reason" for release. U.S.S.G. § 1B1.13(d); *see McCain*, 2023 WL 7385546, at *8 (finding no extraordinary and compelling

reasons where defendant showed rehabilitation but made no other successful arguments in favor of release). Good behavior and efforts towards rehabilitation are expected of an inmate. *See United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are *supposed* to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary.")

Accordingly, Defendant has failed to establish an extraordinary and compelling reason for a reduction in sentence based on serious deterioration in his health, post-conviction rehabilitation, or combination of these issues.

### B.     18 U.S.C. § 3553(a) Factors

Defendant has failed to show an extraordinary and compelling reason warranting a reduction in sentence, and therefore the Court is not required to further consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction. However, even if Defendant could show an extraordinary and compelling reason existed, an analysis of the § 3553(a) factors would not support granting relief. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). The Court weighs whether the nature of the offense, a defendant's personal history, the sentence relative to the nature and seriousness of his offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide a defendant with effective rehabilitative circumstances, the need to avoid sentencing disparity, and other sentencing considerations weigh in favor of relief. *See id.* A court may consider post-sentencing facts in the record such as behavior while incarcerated

7

and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

The Court recognizes that Defendant is an elderly inmate who has spent over 30 years imprisoned for his crimes. The Court also recognizes that Defendant has taken some constructive steps to rehabilitate while incarcerated by obtaining his GED, completing the non-residential drug education program, and taking an extensive amount of BOP programming. (ECF No. 131 at 13; ECF No 139-2 at 1.) And the Court acknowledges that while Defendant has incurred six disciplinary infractions while incarcerated, the last negative incident occurred over ten years ago. (ECF No. 131 at 13.)

However, the Court nevertheless concludes that a further reduction of Defendant's sentence is not warranted. Defendant's personal history, pattern of recidivism, and the serious nature of his crimes all weigh against a further reduction in sentence. The offenses were serious and terrifying to the victims. Defendant robbed the banks at gunpoint, in one case pointed his weapon at a teller's face and fired his gun at the owner of a nearby business as he was making his escape. (ECF No. 100, ¶¶ 5-10, 18.) Defendant states that he was convicted "based on two robberies that occurred over the course of two weeks in March of 1994." (ECF No. 136 at 6.) These statements are accurate but downplay the nature of Defendant's behavior. Defendant's offenses were not a short-term lapse in judgment; he committed as many as 14 bank robberies over a period of approximately 18 months. (ECF No. 100, ¶ 1.)

Moreover, Defendant has a criminal history which shows a risk of recidivism. Defendant has prior convictions for second-degree robbery involving a weapon, sexual assault and robbery, possession with intent to sell and deliver heroin, and several misdemeanor

8

offenses. (*Id.*, ¶¶ 57-60.) And the present crimes occurred while Defendant was on probation for prior offenses. (*Id.* ¶ 62.) The Court recognizes the risk of re-offending generally declines with age. *See United States v. Howard*, 773 F.3d 519, 553 (4th Cir. 2014). However, Defendant was already a mature age, almost 40 years old, at the time he robbed the banks.

Accordingly, the Court determines Defendant's current sentence is "sufficient, but not greater than necessary" to serve the goals of sentencing. *See* 18 U.S.C. § 3553(a)(2). The §3553(a) factors, particularly the need for the sentence to reflect the seriousness of the crime and Defendant's personal history, weigh against granting a reduction of sentence. The Court concludes Defendant's remaining time in Raleigh RRM is necessary and will provide the best opportunity for Defendant's successful transition to life outside of prison.

For the reasons stated above, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Defendant's motions to reduce sentence pursuant to 18 U.S.C. § 3582 (c)(1)(A), (Case No. 2:94CR79, ECF No.136; Case No. 2:94CR80, ECF No. 125), are **DENIED**.

This, the 26th day of September 2025.

/s/ Loretta C. Biggs
Senior United States District Judge